UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PROPERTYTHREE TECHNOLOGY GROUP, INC., </br> *Plaintiff* </br> </br> *vs.* </br> </br> APARTMENT HUNTERS, INC., *et al.*, </br> *Defendants.* | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | </br> </br> </br> 1:07-cv-00356-JMS-RLY |

## ORDER

Presently before the Court is Defendants' Motion for Attorneys' Fees and Costs (the "Motion"). [Dkt. 100.]¹

### BACKGROUND

In March 2007, Plaintiff, PropertyThree Technology Group, Inc. ("PropertyThree"), sued California-based Defendant Apartment Hunters, Inc. and several of its officers (collectively, "Apartment Hunters"). [Dkt. 1.] The essence of the Complaint was that Defendants had copied and were illegally distributing six legal forms (for example, a month-to-month lease) that PropertyThree claimed to have created. [*See id.*] Based on the circumstances alleged, PropertyThree asserted eleven causes of action, including for copyright infringement. [*Id.*] The Court granted Apartment Hunters' first motion to dismiss, holding that certain claims were preempted by the Copyright Act. [Dkt. 51.]² The jury found for Apartment Hunters and against PropertyThree on all but one of the remaining claims. Regarding the copyright claims, which formed the heart of the trial, the jury specifically found that PropertyThree didn't have a valid

---

¹ Upon the written consent of the parties, this matter has been assigned to the magistrate judge for all proceedings, including for the entry of judgment, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. [Dkt. 87.]

² A second, unsuccessful, motion to dismiss challenged personal jurisdiction and venue. [Dkt. 45.]

copyright in any of the six legal forms. [Dkt. 93.] The only claim upon which PropertyThree prevailed was on its claim for false advertising, for which the jury awarded no damages, entitling PropertyThree to only injunctive relief.

Apartment Hunters now seeks to recover attorneys' fees of $66,150.00 and costs of $1,923.89 from PropertyThree.

## DISCUSSION

Under the Copyright Act, the Court has discretion to tax as part of the costs "a reasonable attorney's fee to the prevailing party" in a copyright infringement action. 17 U.S.C. § 505. When deciding how to exercise that discretion, the Seventh Circuit has directed trial courts to afford a "very strong" presumption in favor of awarding fees to a prevailing defendant, "[f]or without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from enforcing his rights [to make beneficial use of non-copyrighted materials]." *Assessment Techs. of Wi, LLC v. Wire Data, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004). *See also Eagle Servs. Corp. v. H2O Indus. Servs.*, 532 F.3d 620, 625 (7th Cir. 2008) (explaining that a copyright defendant has less of an incentive to litigate than does a copyright plaintiff and thus may, without the prospect of fee shifting, "be forced into an unfavorable settlement," to the detriment of the public domain, which benefits when defendants prevail).

### A. The Appropriateness of a Fee Award

Although PropertyThree makes several arguments about why the Court should disregard the "very strong" presumption in favor of Apartment Hunters' fee request, none carry the day. First, PropertyThree is simply wrong when it claims to have had no prior notice that Apartment Hunters might seek attorneys' fees. [Dkt. 102 at 3.] In fact, Apartment Hunters specifically requested attorneys' fees in its Answer. [Dkt. 53 at 14 (requesting in the prayer for relief "an award of Defendant's costs and attorneys' fees.").] Second, assuming without deciding that an

opposing party's potentially taxable costs are a proper subject of pretrial discovery, Apartment Hunters' failure to share its counsel's legal bills during discovery was "harmless" for the purposes of Rule 37(c). The bills would not have lead to any admissible information at trial. [Dkt. 84 (providing that the Court would consider fees "following the conclusion of trial").][3] PropertyThree received them in connection with the Motion, the first—and only—time that PropertyThree needed them. Finally, also assuming without deciding that PropertyThree filed objectively reasonable claims in good faith, as it says it did, PropertyThree's refusal to accept anything less than what it concedes was "a very large" amount in settlement, [dkt. 102 at 7], weighs in favor of the already "very strong" presumption of fees. *Cf. Tuf Racing Prods., Inc. v. American Suzuki Motor Corp.*, 223 F.3d 585, 592 (7th Cir. 2000) ("Since a defendant must take seriously a large demand and prepare its defense accordingly, it is right to penalize a plaintiff for putting the defendant to the bother of defending against a much larger claim than the plaintiff could prove."). The Court will, therefore, apply that presumption and order fees.

### B. The Amount of the Fee Award

When considering a reasonable fee award, the Court must first calculate "the 'lodestar figure'—that is, the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Estate of Enoch v. Tienor*, 570 F.3d 821, 823 (7th Cir. 2009). The party seeking the fee bears the burden of proof as to the appropriate lodestar, through "billing records [that are]…sufficiently clear to enable the district court to identify what hours, if any, are excludable because they are excessive, redundant, or otherwise unnecessary." *Tomazzoli v. Sheedy*, 804 F.2d 93, 98 n.5 (7th Cir. 1986)(citation omitted); *see also Copeland v. Marshall*,

---

[3] Because both sides have had the opportunity to be heard through briefs and affidavits on the issue of fees, no in-person hearing is necessary to resolve the fee issue. *See Wire Data*, 361 F.3d at 437-38.

641 F.2d 880, 891 (D.C. Cir. 1980) ("It does not follow that the amount of time actually expended is the amount of time reasonably expended. In the private sector, 'billing judgment' is an important component in the fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.").

In this case, the Court finds that Apartment Hunters hasn't submitted sufficient proof to establish that the following items were reasonably incurred; therefore, the Court will exclude them from the lodestar:

| Description per Counsel's Bill | Amount Requested | Amount Excluded | Explanation for Exclusion |
|---|---|---|---|
| Other Attorneys | 0 hours ($7,500) | All | The record lacks any explanation of who those attorneys are, what they did, how long they worked, and why they had enough experience to justify their (unspecified) hourly rate. |
| Retainer paid to local counsel in Indiana for settlement negotiations and pre-trial work | 0 hours ($5,000) | All | The record lacks any explanation of how long local counsel worked to earn the fee and which services are included in it. |
| Retained Max Shprecher as consultant for MOTION to Dismiss and other issues | 0 hours ($2,500) | All | The record lacks any explanation of who Mr. Shprecher is, how long he worked, what he actually did, and why he had enough experience to justify his (unspecified) hourly rate. |
| Prepared and filed MOTION to Dismiss for Lack of [Personal] Jurisdiction or in the Alternative to Transfer Venue | 18.7 hours | All | This motion had no reasonable chance of success given the clear waiver of any personal jurisdiction defense and given the significant delay in requesting an alternate venue. [*See* dkt. 51 (denying the motion).] |
| Received and reviewed RESPONSE in Opposition re MOTION to Dismiss for Lack of [Personal] Jurisdiction or in the Alternative to Transfer Venue | 1.9 hours | All | This entry is excluded for the same reasons as the previous entry. |

| Description per Counsel's Bill | Amount Requested | Amount Excluded | Explanation for Exclusion |
|---|---|---|---|
| Numerous conversations, correspondence and emails with clients and plaintiff's counsel | 8.3 hours | All | Counsel's bill doesn't indicate the subject matters, dates, and lengths of the communications, thus precluding the Court from assessing their reasonableness. *See generally In re Meese*, 907 F.2d 1192, 1204 (D.C. Cir. 1990). |
| Total: | 28.9 hours + $10,000 | 28.9 hours + $10,000 | |

Accounting for the exclusions above, the Court finds the "time" component of the lodestar to be 166.6 hours (195.5 hours requested less 28.9 hours and excluding the $10,000 in flat fees requested).

The Court must next determine the reasonable hourly rate for counsel's services necessary to complete the lodestar calculations. Apartment Hunters' counsel requests $300 per hour, his customary market rate in California. [Dkt. 100-1.] Although PropertyThree complains that a local attorney would have been cheaper, the Seventh Circuit generally permits litigants to employ out-of-town counsel. *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 744 (7th Cir. 2003). And the Court sees no reason here for penalizing Apartment Hunters for choosing non-local counsel.[4] California-based Apartment Hunters could have reasonably wanted California-based counsel to facilitate in-person meetings between counsel and client. Further, PropertyThree faces only modest costs that would have been avoided had Apartment Hunters used Indianapolis trial counsel: twelve hours of travel time, a plane ticket, and a hotel room. Finally, counsel's $300 hourly rate is within the range of rates reasonably charged in this District

---

[4] Apartment Hunters did employ both its lead counsel and local counsel for the first seven months of this case, but the Court excluded the local counsel fees above as inadequately documented.

for this type of case.[5]  Accordingly the Court will, with but one exception, use the $300 rate to compute the lodestar.  Given the relative comfort of cross-country air travel and given the lack of any indication that counsel was actively working on this case during his flight, the Court concludes that only $150 per hour of travel time is reasonable.

After considering the circumstances, the Court computes the lodestar in this matter to be $48,180 (154.6 hours at $300 per hour plus 12 hours of travel time at $150 per hour).

The Court's lodestar amount constitutes the presumptive fee award, subject to adjustment "downward…to account for the factors set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), which essentially track those set forth in Indiana Rule of Professional Conduct 1.5 delineating a professionally appropriate fee."  *Owner-Operator Indep. Drivers Ass'n v. Mayflower Transit, Inc.*, 659 F. Supp. 2d 1016, 1021 (S.D. Ind. 2009) (footnote omitted).   Among those factors, and the most important, is the degree of success obtained.  *Id.*  Additionally, a downward adjustment could be required to account for hours spent defending against "unrelated" claims to those that fall within the fee-shifting statute.  *See Hensley*, 461 U.S. at 435 ("The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." (footnote omitted)); *Munson v. Milwaukee Bd. of School Directors*, 969 F.2d 266,272 (7th Cir. 1992) (explaining that all federal fee-shifting statutes should be interpreted similarly and that under 28 U.S.C. § 1988 a defendant can obtain fees for defending against "factually or legally related" state law claims).  Two claims are related when counsel's work on one claim inures to the benefit of counsel's work on the other claim.  *See Hensley*, 461 U.S. at 435; *Merriweather v. Family Dollar Stores*, 103 F.3d 576,

---

[5] The Court notes that PropertyThree hasn't submitted its counsel's hourly rate for comparison purposes.

584 (7th Cir. 1996) (affirming a full fee award despite lack of success on discrimination claim because "the successful claim for retaliatory discharge could not have been tried effectively without reviewing and analyzing the facts that led to the underlying discrimination charge").

PropertyThree requests that the Court reduce the lodestar amount downward to account for the non-copyright claims in this litigation, claims which it argues are not "related" for the purposes of *Hensley*. [Dkt. 102 at 7.] It also argues that its partial success on the false advertising claim merits a reduction.

Because Apartment Hunters hasn't disputed the unrelated status of the non-copyright claims and because the Court's ruling on the motion to dismiss made clear that those other claims could proceed only insofar as they were distinct from any alleged copyright violations, [dkt. 51], the Court concludes that a reduction in the lodestar is appropriate. But it should only be a small one for three reasons. First, insofar as PropertyThree wants the Court to compare the hours reasonably expended in this litigation to those that would have been expended had PropertyThree chosen to only assert copyright claims, the Court can and should rely upon adversarial presentation. *Mayflower Transit*, 659 F.2d at 1028 (citing, among others, *Ustrak v. Fairman*, 851 F.2d 983, 989 (7th Cir. 1988)). Here, however, PropertyThree has made no attempt to suggest an appropriate reduction amount, leaving the Court to do the heavy lifting. Second, the trial would not have been significantly shorter had PropertyThree only asserted copyright claims. The bulk of the evidence addressed whether PropertyThree even created the documents at issue and, if it did, when it created them. Thus the non-copyright claims accounted for a minimal amount of time at trial. Finally, to whatever extent PropertyThree's success on an "unrelated" claim bears on determining an appropriate fee for Apartment Hunters' success on the copyright claims, the Court notes that PropertyThree's success was minimal. It obtained a one-

paragraph injunction preventing any further use of PropertyThree's name on the documents that PropertyThree had unsuccessfully claimed were subject to its copyright and which documents Apartment Hunters had already removed from its website.

To account for the considerations described above, and to arrive at a round number "to avoid creating a delusive impression of exactness" in such computations, *Ustrak*, 851 F.2d at 989, the Court will reduce the lodestar award to $45,000.

### C.  Other Litigation Costs

"The Copyright Act allows for recovery of additional costs that are not taxable under 28 U.S.C. § 1920, such as travel expenses and long-distance telephone charges." *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 594 F. Supp. 2d 931, 936 (N.D. Ill. 2009) (citations omitted). Here, Apartment Hunters seeks costs incurred in obtaining authentication affidavits for its trial exhibits, as well as its counsel's pro hac vice admission fee and his airfare and lodging for the trial, totaling $1,923.89. Because PropertyThree has not contested those costs, and because the Court finds them reasonable, the Court will award them in full to Apartment Hunters.

### CONCLUSION

The Motion is **GRANTED IN PART** and **DENIED IN PART**. The judgment shall be amended to include $45,000 in attorneys' fees and $1,923.89 in other costs, for a total of $46,923.89, to be taxed to PropertyThree and payable to Apartment Hunters.

04/21/2010

*(signature)*
Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only:**

Michael A. Lang
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
mlang@dannpecar.com

Jilbert Tahmazian
LAW OFFICES OF JILBERT TAHMAZIAN
alex200355@yahoo.com

Mark R. Waterfill
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
mwaterfill@dannpecar.com